**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TENNESSEE**

**WESTERN DIVISION**

---

**FIRST HORIZON CORP.,**
**FIRST HORIZON BANK,**
**FIRST HORIZON ADVISORS, INC.**

*Plaintiff*,

v. Civil Action No.: 2:22-cv-02671-BCL-cgc

**PINNACLE FINANCIAL PARTNERS,**
**PINNACLE BANK**

*Defendants*.

---

**ORDER GRANTING IN PART MOTION TO QUASH**

---

The Court has before it Non-Party Raymond James Financial Services, Inc.'s Motion to Quash Subpoena Pursuant to Federal Rule of Civil Procedure 45(d)(3). Doc. 110. For the following reasons, the Motion is **GRANTED IN PART.**

**BACKGROUND**

Plaintiffs First Horizon Corporation, First Horizon Bank, and First Horizon Advisors, Inc., claim that Defendants Pinnacle Financial Partners and Pinnacle Bank improperly poached (or "lifted out") various teams of employees from Plaintiffs, and that Non-Party Raymond James assisted, coordinated, or otherwise was involved in Defendants' doing so. Doc. 23. Under the current schedule:

- The deadline for non-expert depositions and requests for admissions is October 16, 2026;
- The deadline for disclosure of Plaintiffs' experts is November 16, 2026;
- The deadline for completing all discovery is February 15, 2027; and
- Trial is scheduled for November 29, 2027.

Doc. 95.

Plaintiff informally sent the Subpoena duces tecum at issue here to Raymond James on September 3, 2026—well more than a month before the October 12, 2026, deposition date and the October 16, 2026, deadline for non-expert depositions. Doc. 112-2. Raymond James accepted service of the Subpoena on September 9, 2026—still more than a month before the deposition date and the deadline for non-expert depositions. Doc. 110-1.

Raymond James sent an informal objection letter on September 23, in which it listed a few non-"exhaustive" objections and stated that, while the current production and deposition dates were "not feasible," it would "certainly comply with the subpoena once the scope of the document requests is finalized" and "welcome[d] further discussion … to address the timeframe and logistics" of the production and deposition. Doc. 110-1. According to Plaintiffs' Opposition to the Motion, on September 25 began a series of discussions among the three stakeholders—Plaintiffs, Raymond James, and Defendants—concerning the Subpoena, in which (1) Raymond James purported not to be in a position to confer about the substance of the Subpoena, and (2) Raymond James agreed to and then reneged on deposition dates intended to accommodate Raymond James' claimed need for additional time in which to comply with the Subpoena. Doc. 112 at 4-5. Raymond James served formal objections on September 30, 2026. Doc. 110-2.

Raymond James filed this Motion to Quash on October 9, 2026. Doc. 110.

## ANALYSIS

**A.** Throughout the Motion, Raymond James seemingly faults Plaintiffs for not timely seeking discovery from Raymond James. But under the scheduling order, the deadline for non-expert depositions does not expire until October 16 (Doc. 95)—making the Subpoena timely. And while Raymond James repeatedly references the case's long pendency in a seeming attempt to

argue something along the line of laches, Raymond James ignores that the case was effectively stayed, with no scheduling order, during the roughly eighteen months in 2023 and 2024 in which Defendants' motion to dismiss sat pending.[1] Doc. 27 (February 1, 2023 motion to dismiss); Doc. 45 (September 30, 2024, order denying motion to dismiss and denying as moot motion to stay discovery); Doc. 51 (December 13, 2024, scheduling conference); Doc. 54 (December 13, 2024, first scheduling order). And, in any event, Raymond James has not identified any authority as supporting its contention that a non-party subpoena may be quashed because, though timely, it was served too long after the party learned that the non-party would have relevant information.[2] An unsupported argument is not adequately presented and so cannot support quashal.

**B.** Raymond James also argues that the Subpoena does not allow Raymond James sufficient time to comply—i.e., that there is not enough time between when the Subpoena was received and the date for which the deposition was set. *See* Fed. R. Civ. P. 45(d)(3)(A) (mandating quashal or modification of subpoena that "fails to allow a reasonable time to comply"). This argument fails because Plaintiffs served the Subpoena on September 9—33 days before the deposition date and 26 days before the date for producing documents. Even assuming the Subpoena's request are as burdensome as Raymond James claims (see below), the Subpoena allowed plenty of time for compliance (without even considering that Raymond James actually received the Subpoena a week earlier). *See, e.g., United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016) (finding 25 days sufficient and noting courts often deem 14 days sufficient).

---

[1] The case was originally assigned to Judge Mark S. Norris when it was filed in September 2022. Doc. 2. Judge Norris transferred the case to the undersigned on March 25, 2026. Doc. 80.

[2] If anything, Raymond James is the one who should fear a laches-type argument, having waited until just before the scheduled deposition to file its Motion on a Friday, creating a purported "emergency" for all involved. If the Subpoena was as objectionable as Raymond James claimed, surely it could have seen that earlier during the month-plus between receiving the Subpoena and the deposition date.

**C.** Raymond James also contends that the subpoena is overbroad and unduly burdensome. Raymond James makes no persuasive argument on this issue, at least given the context the Court currently has concerning the Parties' theories of the case. Burden aside, the Subpoena is not self-evidently overbroad, and Raymond James makes no effort to explain how the material requested is not relevant to the dispute or proportional to the needs of the case. And while Raymond James claims that it would be unduly burdensome to comply, (1) the arguments and block quoted request in the Motion do not support that claim but instead seem to describe only a fairly standard subpoena, and (2) Raymond James has offered no evidence—affidavits, declarations, etc.—demonstrating that responding to the Subpoena would in fact impose any undue burden. Therefore, based on the materials and arguments presented thus far, the Court must reject the arguments of overbreadth and undue burden. (The objections might also be untimely, but given all that has been said here, the Court need not further consider that argument,).

**D.** Based on what has been said so far, the Court has some inclination to deny the Motion outright. But two factors counsel in favor of a partial grant of sorts. First, the discovery only serves its purpose if Plaintiffs get the information they seek (subject to the Rules, any applicable privileges, and all other governing law), and—reading between the lines—Raymond James appears not to have diligently put itself into a position to comply with the Subpoena. More time therefore is needed. Second, both Plaintiffs and Raymond James have put forward the idea of allowing additional time for conferral and compliance with the Subpoena (perhaps as narrowed or modified through conferral), and doing so will not impact the schedule in any way that would prejudice any Party or other stakeholder. Accordingly, the Court will grant the Motion in part, as described in the Conclusion.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED IN PART**, as follows:

- The fact-witness deposition deadline is extended to November 20, 2026, solely for the purpose of allowing Raymond James to comply with the Subpoena and for no other purpose;

- The deadlines for expert witness disclosures and depositions, motions to exclude experts (under Daubert or otherwise), and dispositive motions are each extended by three weeks from their current dates;

- Plaintiffs and Raymond James are ordered to meet and confer in good faith concerning the scope and scheduling of Raymond James' document production and deposition.

The Court will enter a revised scheduling order reflecting the above adjustments. The Parties and Raymond James are **REMINDED** of their obligation to participate in or comply with valid discovery in good faith; by doing so, the Parties and Raymond James will minimize the need for Court involvement and the risk of sanctions. Of course, the Court will resolve any disputes that do occur.

**IT IS SO ORDERED** on this 11th day of October, 2026.

s/*Brian Lea*
BRIAN C. LEA
U.S. DISTRICT COURT JUDGE